UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
SUSANNE ERDE and MICHAEL ERDE,
Individually and on behalf of J.E., a minor,

                 Plaintiffs,

    -against-

MEISHA PORTER, in her official capacity
as Chancellor of the New York City
Department of Education, and the NEW
YORK CITY DEPARTMENT OF
EDUCATION

               Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:21-cv-00514-FB-MMH

*Appearances:*
*For the Plaintiffs*:
RORY J. BELLANTONI, ESQ.
Brain Injury Rights Group
300 East 95th Street, Suite 130
New York, NY 10128

*For the Defendants*:
PHILLIP S. FRANK, ESQ.
The City of New York Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

       Plaintiffs Susanne and Michael Erde ("the Erdes"), parents of minor student

J.E., bring this action individually and on behalf of J.E. against Meisha Porter, in

her official capacity as Chancellor of the New York City Department of Education,

and the New York City Department of Education. The Erdes seek a preliminary

injunction to enforce an administrative award of tuition for the 2019-2020 school

year granted by an Impartial Hearing Officer ("IHO") under the Individuals with

1

Disabilities Education Act ("IDEA"). The award was subsequently reversed on administrative appeal.

For the following reasons, the plaintiffs' motion is denied.

## I.

J.E. is a minor student who suffers from a brain injury that renders him non-verbal and non-ambulatory. He requires a high degree of care and attention to attend to his basic daily needs, as well as special education and related services. J.E.'s access to appropriate education is guaranteed through IDEA, which provides that children with certain physical or intellectual disabilities have a right to a free appropriate public education ("FAPE") through an Individualized Education Program ("IEP") developed by the relevant school district. 20 U.S.C. § 1400.

On July 8, 2019, the Erdes brought an administrative due process claim against the New York City Department of Education ("DOE"),[1] claiming that the DOE did not provide J.E. with FAPE for the 2019-2020 school year. Among other things, the Erdes requested that the DOE be ordered to pay J.E.'s tuition during the pendency of the operative due process proceedings.

To ensure the stability of a child's access to education and prevent a school district from transferring a child to a different school without parental consent, the IDEA's "pendency" or "stay-put" provision provides that during the pendency of

---

[1] The DOE receives federal funding pursuant to IDEA.

due process proceedings under IDEA, the child "shall remain in the then-current education placement of the child," unless "the State or local educational agency and the parents otherwise agree." 20 U.S.C. § 1415(j). The Erdes claim that the pendency provision entitles them to reimbursement from the DOE for J.E.'s 2019-2020 tuition. The IHO agreed and in an order dated January 12, 2021 directed the DOE to reimburse the Erdes for J.E.'s 2019-2020 tuition. On January 30, 2021, the Erdes filed a motion in this Court to enforce the IHO order via preliminary injunction. However, the DOE subsequently appealed the IHO order, and on March 17, 2021, a State Review Officer ("SRO") reversed the IHO decision that the Erdes now seek to enforce. On May 11, 2021, the Erdes filed an Amended Complaint seeking a reversal of the SRO decision.

## II.

The SRO reversal of the initial IHO decision awarding the Erdes tuition reimbursement mooted the instant motion for preliminary injunction. The Court cannot now enforce the vacated IHO order via preliminary injunction.

Pursuant to Article III of the Constitution, this Court may only adjudicate actual, ongoing controversies. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1975). A case becomes moot when "an event occurs while a case is pending…that makes it impossible for the Court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12

(1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1971)).

Here, after the Erdes filed a motion to enforce the IHO decision via preliminary injunction, the DOE appealed the decision, and the SRO vacated it and remanded for further proceedings. This reversal makes it impossible for this Court to grant effectual relief. Put simply, there is no longer an IHO order to enforce.

While the Erdes correctly point out that a civil proceeding may be brought to appeal an SRO reversal of an IHO decision, the facts of this case differ in at least one significant respect from the caselaw that they cite. *See B.R. v. N.Y.C. Dept. of Education*, 910 F. Supp. 2d 670, 675 (S.D.N.Y. 2012) (citing *M.H. v. N.Y.C. Dept. of Education*, 685 F.3d 217 (2d Cir. 2012)) (permitting plaintiff to challenge an SRO reversal of an IHO decision in federal court). In *B.R.*, parties brought a civil action only after having "completed the state administrative appeal process, which terminated in the Department's favor." *B.R. v. N.Y.C. Dept. of Education*, 910 F. Supp. 2d 670, 672 (S.D.N.Y. 2012) However, the SRO decision here remanded to the IHO for a further hearing on the merits. Both parties agree that administrative proceedings are pending in this case. Under IDEA, exhaustion of administrative remedies is required except in a few limited circumstances, which do not apply in this case. *See* 20 U.S.C. § 1415(i)(2)(A). Therefore, the administrative process here is not exhausted as in *B.R.*, and its application to the Erdes' motion for preliminary injunction does not support enforcing an IHO decision that was vacated.

4

## III.

The Court need not reach the merits of this motion since it is moot. Nonetheless, in the alternative, the motion would be denied on the merits.

To justify a preliminary injunction, the movant must establish "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019) (internal citations and quotations omitted).

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). "To establish irreparable harm, a party ... must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal citations omitted). Here, the Erdes seek financial compensation for a harm—the State's allegedly unlawful non-payment of their child's tuition for the 2019-2020 school year—that has already occurred. A post-trial judgment awarding the Erdes monetary damages for the cost of tuition would clearly remedy the harm they

5

allege. Accordingly, they fail to allege irreparable harm and a preliminary injunction is not warranted. *See Massanari*, 295 F.3d at 214.

## CONCLUSION

Plaintiffs' motion for a preliminary injunction is **DENIED** for the reasons described above.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 24, 2021