UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNE ERDE and MICHAEL ERDE, as Parents and Natural Guardians of J.E., and SUSANNE ERDE and MICHAEL ERDE, Individually,<br><br>Plaintiffs,<br><br>-against-<br><br>RICHARD CARRANZA, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 21-CV-514 |

*For the Plaintiff:*
RORY J. BELLANTONI
Brain Injury Rights Group, Ltd.
300 East 95th Street, #130
New York, NY 10128

*For the Defendant:*
PHILIP S. FRANK
New York City Law Department
100 Church Street, Ste 2-167
New York, NY 10007

**BLOCK, Senior District Judge:**

Plaintiffs Susanne Erde and Michael Erde, as parents and natural guardians of J.E. ("Plaintiffs"), bring this action against the New York City Department of Education ("DOE") and DOE Chancellor Richard Carranza (collectively, "Defendants") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Plaintiffs appeal the decisions of State Review Officer ("SRO") Justyn Bates, and seek reimbursement for the costs of tuition and related services for J.E. for the 2019–2020 school year. Plaintiffs have filed a

1

motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants oppose the motion and have filed a cross-motion for summary judgment. For the following reasons, Plaintiffs' motion is DENIED and Defendants' cross-motion is GRANTED.

## Background

Much of the relevant statutory framework and background is set forth in the Court's recent decision in a related case in which Plaintiffs sought funding for the 2018–2019 school year. *See Erde v. Carranza*, No. 20-CV-2181, 2024 WL 4989225 (E.D.N.Y. Dec. 5, 2024) ("*Erde I*"). The Court assumes familiarity with that decision. In short, the IDEA obliges states receiving federal funds to provide children with disabilities a free appropriate public education ("FAPE") in conformity with an individualized education program ("IEP"). The DOE's Committee on Special Education ("CSE") is tasked with creating IEPs, which must comply with IDEA requirements to provide certain educational benefits.

If a parent believes an IEP is non-compliant, the parent may file a due process complaint, which is adjudicated in an impartial hearing by an initial hearing officer ("IHO"), whose decision is appealable to an SRO. A parent who believes the DOE is failing to provide his or her child a FAPE may also unilaterally enroll the child in a private school and seek reimbursement, which will be granted upon a showing the proposed IEP failed to provide a FAPE, that the private

2

placement was appropriate, and that equitable considerations support reimbursement.

Additionally, the IDEA provides that while administrative and judicial proceedings are pending, a child must remain at his or her last agreed-upon school placement at public expense. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020) (citing 20 U.S.C. § 1415(j)). The DOE may, however, dispute what constitutes the last agreed-upon placement, so the DOE need not fund tuition until a pendency determination is issued. *Id.* at 532–33.

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, and certified administrative record. During the 2017–2018 school year, Plaintiffs had unilaterally placed J.E., who is non-verbal and non-ambulatory, at the private International Academy of Hope ("iHOPE"). An IHO decision in their favor awarded tuition reimbursement for that year. During the following 2018–2019 school year, Plaintiffs placed J.E. at a different school, the International Institute for the Brain ("iBRAIN"). In *Erde I*, the Court denied Plaintiffs' appeal of an SRO decision that denied reimbursement for the 2018–2019 school year.

For the 2019–2020 school year, Plaintiffs again placed J.E. at iBRAIN and sought reimbursement after filing a July 8, 2019 due process complaint ("DPC"), which accused the DOE of denying J.E. a FAPE for that year by committing multiple substantive and procedural errors in developing an IEP. *See* DPC,

3

Certified Administrative Record ("Record") at 1043–45, ECF No. 41-25. On January 12, 2021, IHO Edgar De Leon determined iBRAIN was J.E.'s pendency placement and ordered reimbursement for the then-concluded 2019–2020 school year. *See* Decision of IHO De Leon, Record at 324–49, ECF No. 41-23.

Meanwhile, Plaintiffs had also filed two complaints in the U.S. District Court for the Southern District of New York seeking equitable relief and damages arising out of the DOE's alleged violation of the IDEA pendency provision. *See* S.D.N.Y. Complaint I, No. 19-CV-2946 (S.D.N.Y. Apr. 3, 2019), ECF No. 1 (concerning 2018–2019 pendency); S.D.N.Y. Complaint II, No. 19-CV-8401 (S.D.N.Y. Sept. 13, 2019), ECF No. 6 (concerning 2019–2020 pendency). On January 8, 2021, Judge Katherine Polk Failla dismissed those cases with prejudice, finding Plaintiffs' claims foreclosed by the Second Circuit's recent decision in *Ventura de Paulino*, which concerned parents seeking reimbursement for a pendency placement at iBRAIN. *See* Transcript and Oral Decision, No. 19-CV-2925 (S.D.N.Y. Jan. 8, 2021), ECF No. 76; Record at 189–92, ECF No. 41-19.

On March 17, 2021, following the DOE's appeal from IHO De Leon's decision, SRO Justyn Bates reversed that decision and remanded the matter to the IHO. *See* First Decision of SRO Bates, Record at 6–16, ECF Nos. 41-1–5. SRO Bates reasoned that the S.D.N.Y. precluded Plaintiffs from seeking reimbursement for J.E.'s pendency placement at iBRAIN and "put to rest any argument that this

4

matter was distinguishable from . . . *Ventura de Paulino*." *Id.* at 14. On remand, newly assigned IHO Steven Forbes determined on August 30, 2021 that the DOE had offered J.E. a FAPE and dismissed Plaintiffs' DPC. *See* Decision of IHO Forbes, Record at 276–303, ECF Nos. 41-21–23. On November 12, 2021, SRO Bates affirmed this decision on appeal. *See* Second Decision of SRO Bates, Record at 17–44, ECF Nos. 41-5–14.

### Standard of Review

"Although the parties have styled their submissions as motions for summary judgment, 'the procedure is in substance an appeal from an administrative determination, not a summary judgment.'" *C.U. v. N.Y.C. Dep't of Educ.*, 23 F. Supp. 3d 210, 222 (S.D.N.Y. 2014) (quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005)). "The standard of review 'requires a more critical appraisal of the agency determination than clear-error review but nevertheless falls well short of complete de novo review.'" *C.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) (quoting *M.H.*, 685 F.3d at 244). A federal court should not "rubber stamp" administrative decisions and conclusions, *M.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 139 (2d Cir. 2013), but nevertheless must be "mindful that courts lack the 'specialized knowledge and educational expertise' possessed by state administrators, and therefore . . . defer to

5

their well-reasoned opinions on issues of education policy." *J.D. v. N.Y.C. Dep't of Educ.*, 677 F. App'x 709, 711 (2d Cir. 2017) (summary order).

"Where the IHO and SRO disagree, reviewing courts are not entitled to adopt the conclusions of either state reviewer according to their own policy preferences or views of the evidence; courts must defer to the reasoned conclusions of the SRO as the final state administrative determination." *M.H.*, 685 F.3d at 246. Deference "is particularly appropriate" where the state administrative review "has been thorough and careful." *Mr. P. v. W. Hartford Bd. of Educ.*, 885 F.3d 735, 754 (2d Cir. 2019) (citing *M.H.*, 685 F.3d at 241). "However, where the SRO's determinations are insufficiently reasoned to merit deference, the courts should defer to the IHO's analysis." *C.F.*, 746 F.3d at 77 (citing *M.H.*, 685 F.3d at 246).

## Discussion

Plaintiffs make two primary arguments. First, they argue SRO Bates erred in his first decision by retroactively applying *Ventura de Paulino* and reversing IHO De Leon's initial decision on reimbursement for J.E.'s pendency placement. Second, Plaintiffs appeal from the decision on the merits of IHO Forbes, upheld by SRO Bates, that the DOE offered J.E. a FAPE for the 2019–2020 school year, arguing that there were procedural and substantive defects in the DOE's IEP.

6

*Pendency Placement*

Defendants argue that the doctrine of collateral estoppel precludes Plaintiffs' from relitigating the issue of whether they were entitled to funding at iBRAIN as a pendency placement while they challenged the IEP. Defendants argue that Judge Failla already resolved this issue after giving Plaintiffs a full and fair opportunity to litigate the question. The Second Circuit has held that federal law determines the application of collateral estoppel, which applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997).

Plaintiffs argue that collateral estoppel does not apply because this case does not involve the identical issue as the S.D.N.Y. lawsuits. Plaintiffs argue that the instant case concerns "enforcement" of IHO De Leon's pendency order, whereas the earlier S.D.N.Y. lawsuits sought a pendency order as relief after their interim application was denied.

While the particular form of relief sought may differ between these suits, Plaintiffs are incorrect that the same issue is not at their core. To review, in Plaintiffs' S.D.N.Y. lawsuits before Judge Failla they alleged in their complaints

7

that the IHO had wrongfully denied their request for pendency at iBRAIN. *See* S.D.N.Y. Complaint I at 3–4; S.D.N.Y. Complaint II at 4. Subsequent to the filing of these complaints, the Second Circuit issued its decision in *Ventura de Paulino*, which concerned whether parents who had unilaterally moved a child to iBRAIN were entitled to funding under the IDEA's pendency provision on the basis that iBRAIN was "substantially similar" to the last agreed-upon program between the parents and school district. *See Ventura de Paulino*, 959 F.3d 525–25. The Second Circuit determined the parents were not so entitled. *See id.* at 525.

Judge Failla then requested additional briefing on the impact of *Ventura de Paulino*, and Plaintiffs moved to amend their complaints. Plaintiffs argued *Ventura de Paulino* was distinguishable in that J.E. had previously been at iHOPE by operation of law following an IHO decision, rather than by agreement, and that he was thus wrongfully denied a pendency placement at iBRAIN. *See* Letter Motion, No. 19-CV-8401 (S.D.N.Y. Aug. 8, 2020), ECF No. 73. Judge Failla, dismissing the complaint with prejudice, squarely rejected these arguments, finding Plaintiffs' "efforts to distinguish the Erde cases from *Ventura de Paulino* fail and that *Ventura de Paulino* is dispositive[.]" Transcript and Oral Decision at 27:22–24. Judge Failla also rejected the argument that the fact iHOPE became J.E.'s pendency placement by operation of law distinguished the case. *Id.* at 28:1–9 (citing *Neske v. N.Y.C. Dep't of Educ.*, 824 Fed. App'x 81 (2d Cir. 2020) (summary order)).

8

Thus, Judge Failla addressed the identical issue raised by Plaintiffs: whether they are entitled. to public funding of tuition at iBRAIN for the 2019–2020 school year pursuant to the IDEA's pendency provision. Two issues are identical for purposes of the application of collateral estoppel when they involve the application of the same legal standard to the same facts. *See Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 48 (2d Cir. 2014) (citing *Overseas Motors, Inc. v. Import Motors Ltd.*, 375 F. Supp. 499, 518 n.66a (D. Mich. 1974)). Such is the case here, where the issue in both the prior action and instant case is the status of iBRAIN as a pendency placement under 20 U.S.C. § 1415, and Plaintiffs' corresponding entitlement to funding. Judge Failla's resolution of this identical issue—which was the basis for her dismissal of the prior S.D.N.Y. suits—estops Plaintiffs from relitigating it here.

*Alleged Procedural and Substantive Defects*

Plaintiffs also ask the Court to overturn the decisions of IHO Forbes and SRO Bates, which found the DOE had offered J.E. a FAPE for the 2019–2020 school year. Plaintiffs argue SRO Bates wrongly rejected their argument that the IEP was developed in a procedurally defective manner because the school physician was not present during the CSE meeting, but instead participated by phone. This same argument was considered and rejected by the SRO in *Erde I*, *see*

9

2024 WL 498225, at *4–5, and the Court upholds the SRO's rejection of it here for the same reasons.

Both IHO Forbes and SRO Bates found the physician's participation by phone did not result in denial of a FAPE. *See* Decision of IHO Forbes, Record at 296 (finding physician's participation by phone "more than sufficient" and suggesting refusal to participate on this basis "reveals both a lack of good faith . . . [and] an arbitrary irrational adherence to form over substance"); Second Decision of SRO Bates, Record at 31 (finding physician's participation by phone sufficient absent a specific contrary reason); *see also S.A. ex rel. M.A.K. v. N.Y.C. Dep't of Educ.*, 12-CV-435, 2014 WL 1311761, at *9 (E.D.N.Y. Mar. 30, 2014) (collecting cases in which Second Circuit courts "have repeatedly found no IDEA violation where a CSE member participated telephonically in an IEP meeting"). The Court defers to these well-reasoned and thorough analyses.

Plaintiffs also argue that the SRO erroneously rejected their contentions that the substance of the DOE's IEP was not appropriately tailored in that it did not recommend 1:1 nursing services, grouped J.E. with students with dissimilar disabilities, and reduced the duration of the sessions in which he received related services. The SRO Bates's decision on these points was "thorough and careful" and is thus entitled to deference. *Mr. P. v. W. Hartford Bd. of Educ.*, 885 F.3d 735, 754 (2d Cir. 2019) (citing *M.H.*, 685 F.3d at 241).

10

SRO Bates explained that Plaintiffs did not raise an allegation concerning 1:1 nursing services in the DPC, and thus the issue was outside the scope of review. *See* Second Decision of SRO Bates, Record at 27. Plaintiffs had argued that an allegation concerning 1:1 nursing was implicit in their allegation that the IEP reduced J.E.'s related services, but SRO Bates rejected this contention, explaining that "an allegation referencing only related services is over-broad to incorporate [this] much more specific claim[.]" *Id.* The Court defers to the SRO's soundly reasoned decision on this waiver rule, which undergirds the resolution process. *See Erde I*, 2024 WL 4989225, at *3 (citing 20 U.S.C. 1415(f)(1)(B) and *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 187 n.4 (2d Cir. 2012)).

SRO Bates likewise evinced careful and thorough reasoning in rejecting Plaintiffs' contention that the IEP's potential grouping of J.E. with students with dissimilar disabilities—namely, autism spectrum order—constituted the denial of a FAPE. SRO Bates reviewed in detail the testimony of the principal of the school proposed in the IEP, and of J.E.'s father, and concluded that the evidence was sufficient to support the school's ability to implement the IEP, and that to hold otherwise would "fall too closely to an impermissible parental veto." Second Decision of SRO Bates, Record at 28; *see also Thomas v. Porter*, No. 21-CV-6713, 2023 WL 1966207, at *16 (S.D.N.Y. Feb. 13, 2023) (citing *R.E.*, 694 F.3d at 187,

11

195) ("[G]rouping evidence is the kind of speculative evidence that is impermissible.").

      Lastly, both IHO Forbes and SRO Bates carefully considered and explained why they rejected Plaintiffs' argument that the IEP's recommendation that J.E. receive services in 40-minute sessions, rather than 60-minute ones, deprived J.E. of a FAPE. *See* Decision of IHO Forbes, Record at 299 (reviewing the evidence and finding Plaintiffs could not articulate any adverse effect of this change); Second Decision of SRO Bates, Record at 41 (affirming IHO Forbes's conclusion); *see also Erde I*, 2024 WL 4989225, at *4 (upholding decisions of IHO and SRO to reject same argument with respect to 2019–2019 IEP). On this, as with the prior, substantive defects with the IAP alleged by Plaintiffs, deference is appropriate in light of the thoughtful analysis set forth in support of the decisions of the IHO and SRO. *See R.E.*, 694 F.3d at 184 (citing *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998)).

      Because the Court upholds the SRO's decision that the D.O.E. did not deny J.E. a FAPE, it need not consider the appropriateness of iBRAIN or the balance of equities.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment is denied, and Defendants' cross-motion for summary judgment is granted.

**SO ORDERED.**

                                           _/S/ Frederic Block_____
                                           FREDERIC BLOCK
                                           Senior United States District Judge

Brooklyn, New York
December 19, 2024